**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN J. MARSHALL II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-1465-CM |
| CITY OF BEL AIRE, KANSAS; | ) |
| BEL AIRE POLICE DEPARTMENT; | ) |
| JOHN DAILY; and ROBEY FOXX, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' Motion to Dismiss (Doc. 5). Plaintiff John Marshall II brings multiple constitutional claims against defendants Robey Foxx, John Daily, the City of Bel Aire, and the Bel Aire Police Department. Foxx is a Bel Aire police officer, and Daily is the Chief of Police. Plaintiff's claims include Fourth, Sixth, Eighth, and Fourteenth Amendment violations. Plaintiff concedes his claims against the Bel Aire Police Department should be dismissed because it cannot be sued in these circumstances. Plaintiff also has not alleged any state law claims. The court addresses each of the other grounds for dismissal in turn. For the following reasons, the court grants in part defendants' motion to dismiss.

### I. Background

On November 19, 2011, defendant Foxx initiated a traffic stop against plaintiff. (Doc. 1-1 at 10). Plaintiff argues defendant Foxx had no reasonable suspicion or probable cause to stop plaintiff.

(*Id.*) Plaintiff also alleges that, during the stop, defendant Foxx used excessive force, threatened to destroy property, and threatened to arrest him without due process. (*Id.*)

Plaintiff alleges that police chief Daily, the City of Bel Aire, and the Bel Aire Police Department "authorized, tolerated and ratified various unconstitutional policies and misconduct of its officers" by their failure to control their officers. (*Id.*) Further, plaintiff alleges that the defendants failed to adequately train their officers regarding citizens' constitutional rights and how to properly handle a traffic stop. (*Id.* at 11.)

Plaintiff filed his state court petition in the District Court of Sedgwick County. (*Id.* at 1.) Defendants removed the action to this court. (Doc. 1 at 1.)

**II.     Analysis**

Federal law applies to diversity jurisdiction cases in matters raising constitutional claims. *Shane v. CitiMortgage, Inc.*, No. 11-2689-JAR, 2012 WL 3111730, at *2 (D. Kan. July 31, 2012). This includes civil actions after they are removed from state court. Fed. R. Civ. P. 81; *see Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938–39 (8th Cir. 2012) (holding that plaintiff's complaint, if removed to federal court, is subject to current federal pleading standard); *see also Dodson Aviation, Inc. v. Padron*, 10-4036-JTM, 2011 WL 1097774, at *16 (D. Kan. Mar. 22, 2011) (applying the federal pleading standard to plaintiff's complaint after it had been removed from state court).

The Tenth Circuit uses a two-step analysis for motions to dismiss. First, the court identifies conclusory allegations not entitled to an assumption of truth. *Shane*, 2012 WL 3111730, at *1. Second, the court determines whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Dodson Aviation, Inc.*, 2011 WL 1097774, at *4 (citing *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009)).

The pleading standard requires more than a formulaic recitation of a cause of action's elements or a generic accusation that the defendant unlawfully harmed the plaintiff. *Taylor v. RED Dev., LLC*, No. 11-2178-JWL, 2011 WL 3880881, at *2 (D. Kan. Aug. 31, 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). However, the pleading standard does not require detailed factual allegations. The court must decide whether the complaint's allegations "plausibly give rise to an entitlement to relief." *Taylor*, 2011 WL 3880881, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court should deny a motion to dismiss when the complaint "contains enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010)).

### A. Plaintiff's Fourth Amendment Claim

Plaintiff alleges the traffic stop violated his Fourth Amendment rights. Defendants ask the court to dismiss this claim or, alternatively, to allow plaintiff to amend his complaint as to this claim only. (Doc. 10 at 5.)

A traffic stop is valid when the officer has probable cause or reasonable articulable suspicion that a traffic violation has occurred. *United States v. King*, 209 F. App'x 760, 762 (10th Cir. 2006). The court looks to whether the motorist violated a traffic or equipment regulation, not to the actual motivations of the officer. *Id.*

Here, plaintiff alleged only that defendant Foxx initiated a traffic stop without any reasonable suspicion or probable cause that plaintiff had committed a traffic infraction. Plaintiff has not articulated why the stop was unlawful or whether he had in fact committed a traffic or equipment regulation. Currently, the complaint contains mere conclusory allegations. Plaintiff therefore has failed to meet the requisite pleading standard for his Fourth Amendment claim. The court grants plaintiff leave to amend his complaint as to this claim.

### B. Plaintiff's Sixth Amendment Claim

The Sixth Amendment guarantees criminal defendants particular rights, including rights to a speedy and public trial, to be informed of the nature and cause of the accusation, to be confronted with witnesses, and to have the assistance of counsel. U.S. Const. Amend. VI.

Plaintiff does not allege facts pertaining to the Sixth Amendment. Plaintiff is not a criminal defendant claiming any of these rights have been denied, nor has he alleged any facts implicating the Sixth Amendment. Plaintiff has merely included this claim in his complaint as an avenue for relief without alleging any facts entitling him to relief. Plaintiff has failed to set forth with any plausibility that he is entitled to relief under the Sixth Amendment. Accordingly, the court dismisses this claim.

### C. Plaintiff's Eighth Amendment Claim

Under the Eighth Amendment, "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. This provision of the Eighth Amendment applies only to convicted inmates. *Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1272 (D. Kan. 2005). The provision does not apply to individuals who have not been found guilty of a crime. *Shaw v. D.C.*, 825 F. Supp. 2d 173, 177 (D.D.C. 2011).

Plaintiff alleges defendant Foxx used excessive force in violation of the Eighth Amendment. At no point does plaintiff claim to be a convicted inmate, and the facts do not suggest that he was. Similarly, plaintiff has not been convicted of any crime listed in the complaint. Therefore, plaintiff has shown no plausible reason why the Eighth Amendment would apply to him. As such, the court dismisses plaintiff's Eighth Amendment claim.

### D. Plaintiff's Fourteenth Amendment Claims

The Fourteenth Amendment states that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Here, plaintiff alleges multiple due process violations. He alleges defendant Foxx destroyed property and threatened to arrest him

-4-

without due process of law. Plaintiff alleges that the police chief, the City, and the Bel Aire Police Department "authorized, tolerated and ratified various unconstitutional policies and misconduct of its officers" by their failure to control their officers. (Doc. 1-1 at 10.) Further, plaintiff alleges that defendants failed to adequately train their officers in citizens' constitutional rights and how to handle a traffic stop properly. (*Id.* at 11.) Plaintiff argues defendants' conduct denied plaintiff's Fourteenth Amendment rights because the conduct was arbitrary, deliberate, without just cause or excuse, and performed under color of state law. (*Id.*)

Plaintiff has set forth allegations sufficient to meet the requisite pleading standard. While the specific facts alleged against defendant Foxx are scant, particularly regarding the alleged destruction of property, the federal pleading standard does not require detailed factual allegations. The facts as alleged plausibly give rise to an entitlement to relief. Therefore, the court denies defendants' motion to dismiss plaintiff's Fourteenth Amendment claims.

### E. Plaintiff's claims against defendants Daily and the City of Bel Aire

Defendants contend that plaintiff's "policy and practice" claims against Daily and the City of Bel Aire should be dismissed because plaintiff has failed to allege any supporting facts. To pass the motion to dismiss stage, only minimal factual allegations are required. *Taylor*, 2011 WL 3880881, at *3. This low standard reflects the understanding that plaintiffs rarely have a detailed knowledge of internal policies and training procedures before discovery. *Id.*

The standard does not require specific facts to prove a policy exists but does demand more than boilerplate allegations. *Id.* Notably, the standard requires defendants have notice of plaintiff's claims. Plaintiff may accomplish this by alleging past incidents of misconduct to others, multiple harms to the plaintiff, open misconduct, the involvement of multiple officials, or the specific topic of the challenged policy or training inadequacy. *Id.*

Here, plaintiff adequately specified why he brought claims against Daily and the City of Bel Aire. He identified the specific topic of the challenged policy and the message that the department tolerated excessive force and constitutional violations by failing to discipline or restrict the practice. (Doc. 1-1 at 10.) He alleged these defendants failed to provide adequate training, instruction, and advice to their officers. (*Id.* at 11.) Without the benefit of any discovery, the court believes plaintiff has met his pleading burden. Therefore, the court denies defendants' motion to dismiss these claims against defendants Daily and the City of Bel Aire.

**III.     Conclusion**

The court dismisses plaintiff's claims against the Bel Aire Police Department and plaintiff's Sixth and Eighth Amendment claims. Regarding plaintiff's Fourth Amendment claim, plaintiff has fourteen days to amend his complaint to adequately set forth facts establishing why the traffic stop was unlawful.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 5) is granted in part and denied in part.

Dated this 17th day of April, 2014, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**